JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Lesly Flores

**DEFENDANTS**
Saint Joseph's University

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Albert J. Michell, PC, 40 W. Evergreen Ave. Ste. 101, Phila., PA 19118 (tel 215.922.2588)

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  | **INTELLECTUAL PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander |  | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability |  | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine |  | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability |  | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / **PERSONAL PROPERTY** / 370 Other Fraud | **LABOR** | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 710 Fair Labor Standards Act |  | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | 720 Labor/Management Relations | **SOCIAL SECURITY** | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise |  | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 210 Land Condemnation | 440 Other Civil Rights / **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee |  | 865 RSI (405(g)) | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | [x] 442 Employment / 510 Motions to Vacate Sentence |  | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 240 Torts to Land | 443 Housing/ Accommodations / 530 General |  | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 535 Death Penalty | **IMMIGRATION** | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / **Other:** / 540 Mandamus & Other | 462 Naturalization Application |  | 950 Constitutionality of State Statutes |
|  | 448 Education / 550 Civil Rights | 465 Other Immigration Actions |  |  |
|  | 555 Prison Condition |  |  |  |
|  | 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC Section 2000 et seq.

Brief description of cause:
Sexual harassment

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 4/4/2025
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

10/2024

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM

Place of Accident, Incident, or Transaction: __5600 City Avenue, Philadelphia, PA 19131__

---

**RELATED CASE IF ANY:** Case Number: _____ Judge: _____

1. Does this case involve property included in an earlier numbered suit? — Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? — Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? — Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? — Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. — Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A. Federal Question Cases:**
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Wage and Hour Class Action/Collective Action
6. ☐ Patent
7. ☐ Copyright/Trademark
8. ☒ Employment
9. ☐ Labor-Management Relations
10. ☐ Civil Rights
11. ☐ Habeas Corpus
12. ☐ Securities Cases
13. ☐ Social Security Review Cases
14. ☐ Qui Tam Cases
15. ☐ Cases Seeking Systemic Relief *see certification below*
16. ☐ All Other Federal Question Cases. *(Please specify)*: _____

**B. Diversity Jurisdiction Cases:**
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify)*: _____
7. ☐ Products Liability
8. ☐ All Other Diversity Cases: *(Please specify)* _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

[X] Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

LESLY FLORES                                           :         CIVIL ACTION
                                                       :
                    v.                                 :
                                                       :
SAINT JOSEPH'S UNIVERSITY                              :
                                                       :         NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| 4/4/2025 | Albert J. Michell | Lesly Flores |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215.922.2588 | 215.922.2590 | albertjmichell@gmail.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LESLY FLORES<br>1425 Shelmire Avenue<br>Philadelphia, PA 19111<br>    Plaintiff, | :<br>:<br>:<br>:<br>: |
| v. | :   CIVIL ACTION<br>: |
| SAINT JOSEPH'S UNIVERSITY<br>5600 City Avenue<br>Philadelphia, PA 19131<br>    Defendant. | :   DOCKET NO.:<br>:<br>:<br>: |

## COMPLAINT

Comes now Plaintiff, Lesly Flores, by and through counsel, Albert J. Michell, Esquire, and for her complaint and cause of action states as follows:

## PARTIES

1. Plaintiff Lesly Flores (hereinafter "Plaintiff" or "Ms. Flores") is an adult female resident of the Commonwealth of Pennsylvania living at 1425 Shelmire Avenue, Philadelphia, PA 19111.

2. Defendant Saint Joseph's University (hereinafter "Defendant" or "Saint Joseph's") is a nonprofit corporation or entity organized under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 5600 City Avenue, Philadelphia, PA 19131.

3. Defendant is a person as defined in 42 U.S.C. Sec 2000e-2(a) (hereinafter "Title VII").

4. At all times relevant to this action Defendant was "engaged in an industry affecting commerce" within the meaning of Sections 701(g) and 701(h) of Title VII, 42 U.S.C. Sections 2000e(g) and 2000e(h)

5. For each working day and for each of twenty or more calender weeks in the calender year 2024, and at all other times relevant hereto, Defendant employed fifty (50) or more persons.

6. At all times relevant to this action Defendant was an "employer" within the meaning of

Section 701(b) of Title VII, 42 U.S.C. Section 2000e(b).

7. At all times relevant to this action Defendant was an "employer" within the meaning of Sections 4 and 5 of the Pennsylvania Human Relations Act (hereinafter "PHRA"), 43 P.S. Section 954, 955.

8. At all times material and relevant hereto Defendant acted by and through its agents, servants, and employees who were acting within the scope and course of their authority, agency, or employment and under the direct control of Defendant.

## JURISDICTION

9. Jurisdiction of this Court comes under 28 U.S.C. Sec. 1331 (Federal Question) based on Plaintiff's claims under Title VII. The state law components of this action arise under the PHRA. This Court has supplemental subject matter jurisdiction over the state law components of this action pursuant to 28 U.S.C. Section 1367(a).

## VENUE

10. Venue in this district is proper because the discriminatory acts complained of occurred at 5600 City Avenue, Philadelphia, PA 19131, where Defendant has its principal place of business.

## PROCEDURAL REQUIREMENTS

11. On or about 8/5/2024, within 300 days of the occurrence of the acts of discrimination of which she complains, Plaintiff Lesly Flores filed a Charge against her employer with the Equal Employment Opportunity Commission ("EEOC") alleging sex-based employment discrimination.

Said Charge was concurrently filed with the Pennsylvania Human Relations Commission ("PHRC").

The EEOC has held exclusive jurisdiction over Plaintiff's Complaint.

To date the EEOC has not reached a conciliation agreement to which Plaintiff is a party.

On March 26, 2025 Plaintiff received from the EEOC a Notice of Right To Sue, allowing her to sue in Federal Court within ninety (90) days. (See attached hereto and incorporated herein as Plaintiff's Exhibit "A", Notice of Right To Sue letter dated March 26, 2025.)

## FACTS

12. On or about February 6, 2023 Plaintiff Lesly Flores, a female, was hired by Defendant Saint Joseph's University as a Public Safety employee at its campus located at 5600 City Avenue, Philadelphia, PA 19131.

13. Defendant is a university with residential, administrative, academic, athletic, and recreational facilities located at the above campus.

14. Plaintiff's duties included, but were not limited to, providing security on the campus and in the facilities

16. Beginning immediately after her hire, a superior male co-worker of Plaintiff's, Ron Morman, began sexually harassing Plaintiff.

17. This sexual harassment began as Mr. Morman was training Plaintiff during her probationary period.

18. Mr. Moorman would show Plaintiff pornographic videos.

19. Mr. Moorman constantly would hug and kiss Plaintiff against her will.

20. Mr. Moorman would touch himself inappropriately in front of Plaintiff.

21. Mr. Moorman would constantly make unwanted sexual advances towards Plaintiff.

22. Plaintiff would consistently remove herself from Mr. Moorman's presence and rebuke his above behavior, but his behavior persisted.

23. Mr. Moorman's above unwanted sexual harassment continued throughout 2023 and into 2024.

24. This harassment included Mr. Morman texting and calling Plaintiff on her cell phone and expressing romantic interest in her and propositioning her, including but not limited to a call on March 27, 2024.

25. On March 28, 2024 Plaintiff verbally confronted Mr. Morman about his conduct in the

presence of a dispatcher Martina (lnu), Plaintiff's superior. Again no steps were taken to remedy the situation and the harassment continued.

26. Plaintiff reported Mr. Moorman's sexual harassment to management, including, but not limited to, Plaintiff's supervisor Jackie Franco and supervisor Saulman Byrd.

27. Co-workers Michael Howard, Mike Lupton, and others were also made aware of this sexual harassment.

28. Despite its knowledge of the above and Plaintiff's resultant distress, no disciplinary or preventative action whatsoever was ever taken by management here.

29. After the above March 27, 2024 incident and others when Plaintiff would rebuke him, Mr. Morman would speak badly of Plaintiff to her co-workers and management, causing her further distress.

30. Plaintiff's last day of employment with Defendant was June 16, 2024.

31. Defendant by and through its employees humiliated, embarrassed, and subjected Plaintiff to mental distress and anguish through its deliberate sexual harassment.

32. The harassment here was severe and pervasive and caused Plaintiff great emotional harm.

33. Plaintiff sought and received medical treatment for her mental distress and anguish.

## COUNT I
### Title VII - Sex Discrimination in Employment
(Sexual Harassment - Hostile Work Environment)

34. Plaintiff incorporates paragraphs 1 through 33 as though set forth in full herein.

35. By the conduct set forth in the Statement of Facts above, Defendant engaged in unlawful employment discrimination in violation of Section 703 (a) of Title VII, 42 U.S.C. Section 2000e-2(a).

36. Taken together, the acts outlined above describe a pattern of intentional discrimination against and disparate treatment of Plaintiff on account of her gender (female) with respect to the terms and conditions of her employment.

37. Taken together, the acts outlined above constitute a hostile work environment based on gender.

 (a) Plaintiff suffered the intentional discrimination outlined above because of her membership in a protected class - female.
 (b) Such discrimination was severe, pervasive, and regular.
 (c) Such discrimination detrimentally affected Plaintiff.
 (d) Such discrimination would have detrimentally affected a reasonable person of the same protected class in her position.
 (e) There existed in the corporate Defendant respondeat superior liability for the actions of its agents and employees.
 (f) Defendant failed to exercise reasonable care to prevent and correct promptly any harassment.

38. The unlawful employment practices outlined above were intentional.

39. As a result of Defendant's actions and conduct Plaintiff has suffered emotional distress, mental anguish, and loss of enjoyment of life's pleasures.

40. The above described acts and omissions of Defendant with regard to Plaintiff were egregious and were committed with a malicious, willful, and/or reckless indifference to the Federally protected rights of Plaintiff.

41. Said acts and omissions of Defendant were committed by and through its employees within their agency relationships with Defendant.

42. The extreme and outrageous acts and omissions of Defendant merit the imposition of punitive damages.

 **WHEREFORE,** Plaintiff Lesly Flores prays that this Court:
  (a) accepts jurisdiction over this matter;
  (b) impanels and charges a jury with respect to the causes of action; and
  (c) awards the following damages:
   i. punitive, liquidated, and compensatory damages including, but not limited to, damages for pain and suffering, anxiety, humiliation, and emotional distress in order to compensate her for the injuries she has suffered and to signal to other employers that such acts in employment are repulsive to legislative enactments and public policy;
   ii. attorneys' fees, expert witness fees, and the costs of this action;
   iii. any other relief which this Court deems just and equitable.

## COUNT II
### PHRA - Sex Discrimination in Employment
(Sexual Harassment - Hostile Work Environment)

43. Plaintiff incorporates paragraphs 1 through 42 as though set forth in full herein.

44. By the conduct set forth in the Statement of Facts above, Defendant engaged in unlawful employment discrimination in violation of the Pennsylvania Human Relations Act, 43 P.C. Section 955.

45. Taken together, the acts outlined above describe a pattern of intentional discrimination against and disparate treatment of Plaintiff on account of her gender (female) with respect to the terms and conditions of her employment.

46. Taken together, the acts outlined above constitute a hostile work environment based on gender.

    (a) Plaintiff suffered the intentional discrimination outlined above because of her membership in a protected class - female.
    (b) Such discrimination was severe, pervasive, and regular.
    (c) Such discrimination detrimentally affected Plaintiff.
    (d) Such discrimination would have detrimentally affected a reasonable person of the same protected class in her position.
    (e) There existed in the corporate Defendant respondeat superior liability for the actions of its agents and employees.
    (f) Defendant failed to exercise reasonable care to prevent and correct promptly any harassment.

47. The unlawful employment practices outlined above were intentional.

48. As a result of Defendant's action and conduct, Plaintiff has suffered mental anguish, emotional distress, and loss of enjoyment of life's pleasures.

49. Said acts and omissions of Defendant were committed by and through its employees within their agency relationships with Defendant.

    **WHEREFORE,** Plaintiff Lesly Flores prays that this Court:
        (a) accepts jurisdiction over this matter;
        (b) impanels and charges a jury with respect to the causes of action; and
        (c) awards the following damages:
            i. liquidated, and compensatory damages including, but not limited to, damages for pain and suffering, anxiety, humiliation, and emotional distress in order to compensate her for the injuries she has suffered;
            ii. attorneys' fees, expert witness fees, the costs of this action, and expenses as provided for by applicable Pennsylvania statutes; and

      iii.    any other relief which this Court deems just and equitable.

## JURY DEMAND

Plaintiff requests trial by jury on all counts.

Dated: 4/4/2025

                                                               */s/ Albert J. Michell*
                                                        Albert J. Michell, Esquire
                                                        Attorney ID: 76797
                                                        **ALBERT J. MICHELL, P.C.**
                                                        40 West Evergreen Avenue
                                                        Suite 101
                                                        Philadelphia, PA 19118
                                                        Send correspondence to:
                                                        PO Box 4062
                                                        Philadelphia, PA 19118
                                                        Telephone: 215.922.2588
                                                        Validation of Signature Code: AJM4598

# EXHIBIT "A"

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Philadelphia District Office
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

# DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 03/26/2025

**To:** Lesly Flores
1425 Shelmire Avenue
Philadelphia, PA 19111
Charge No: 530-2024-08388

EEOC Representative and phone:

Legal Unit Representative
267-589-9707

## DISMISSAL OF CHARGE

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By: Karen McDonough
03/26/2025

Karen McDonough
Deputy District Director

v41-112923-Closure Notice-NRTS Template - 2025-3-26 NRTS ...		mailbox:///C:/Users/Albert%20Jacob%20Michell/AppData/R...

Case 2:25-cv-01738-MSG   Document 1   Filed 04/04/25   Page 13 of 13

**Cc:**
Shareda P Coleman
Buchanan Ingersoll & Rooney
50 S 16TH ST STE 3200 TWO LIBERTY PLACE
Philadelphia, PA 19102

Tracey S Pachman
SAINT JOSEPH UNIVERSITY
5600 City Ave Regis Annex
Philadelphia, PA 19131

Joseph J Centeno
Buchanan Ingersoll & Rooney
50 S 16TH ST STE 3200 TWO LIBERTY PLACE
Philadelphia, PA 19102

Albert J Michell Esq.
Albert J. Mitchell, P.C.
40 W. Evergreen Ave. Suite 101
Philadelphia, PA 19118

Please retain this notice for your records.